UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PRIMORSK SHIPPING CORPORATION,

                        Plaintiff,      08 CV

-v-

                        **VERIFIED COMPLAINT**

RINEX NAFTA LTD., and RINEX ENERGY (UK),

                        Defendants.
------------------------------------------------------------x

       Plaintiff, PRIMORSK SHIPPING CORPORATION (hereinafter "PRIMORSK"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, RINEX NAFTA LTD. (hereinafter "RINEX"), and RINEX ENERGY (UK), alleges upon information and belief as follows:

### JURISDICTION

       1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

       2.    At all times material hereto, Plaintiff, PRIMORSK, was and still is a foreign business entity duly organized and existing pursuant to the laws of Russia, with an office and principle place of business at Administrativny Gorodok, Nakhodka-4, Primorsky Krai, 692900, Russia.

       3.    At all times material hereto, PRIMORSK was the owner or disponent owner of the vessels M/T KAMENSK-URALSKIY and M/T BAM.

4. At all times material hereto, Defendant, RINEX NAFTA LTD, was and still is a foreign business entity duly organized and existing pursuant to the laws of the British Virgin Islands.

5. At all times material hereto, Defendant RINEX ENERGY (UK), was and still is a foreign business entity duly organized and existing pursuant to the laws of the United Kingdom, with an office and principle place of business at 22 Grosvenor Square, London W1K 6LF, United Kingdom.

<u>AS A FIRST CAUSE OF ACTION<br>
FOR BREACH OF A MARITIME CONTRACT<br>
INVOLVING THE M/T KAMENSK-URALSKIY</u>

6. On or about April 22, 2005, PRIMORSK, as owners of the M/T KAMENSK-URALSKIY, and RINEX, as charterers, entered into a voyage charter party for the carriage of certain petroleum products from Vladivostock, Russia to ports in China.

7. The voyage charter party, memorialized on a "ASBATANKVOY" form, is a maritime contract.

8. Pursuant to the maritime contract, PRIMORSK and RINEX agreed to, among other things, the payment of demurrage at a rate of US$10,000.00 per day, pro-rata, and the arbitration of disputes arising out of the maritime contract.

9. In accordance with the maritime contract, PRIMORSK delivered the M/T KAMENSK-URALSKIY to RINEX, RINEX made use of the vessel, and 3.97708 days of demurrage accrued. To date, the total amount due and owing to PRIMORSK by RINEX is US$39,273.66.

10. Despite demands by PRIMORSK to RINEX, and RINEX's promises to pay demurrage in a timely manner, RINEX, in breach of the terms of the April 22, 2005, voyage charter agreement, continued to systematically fail to pay demurrage for the vessel on time and/or at all.

### AS A SECOND CAUSE OF ACTION FOR BREACH OF A SECOND MARITIME CONTRACT INVOLVING THE M/T KAMENSK-URALSKIY

11. On or about May 24, 2005, PRIMORSK, as owners of the M/T KAMENSK-URALSKIY, and RINEX, as charterers, entered into a voyage charter party for the carriage of certain petroleum products from Vladivostock, Russia to ports in China.

12. The voyage charter party, memorialized on a "ASBATANKVOY" form, is a maritime contract.

13. Pursuant to the maritime contract, PRIMORSK and RINEX agreed to, among other things, the payment of demurrage at a rate of US$10,000.00 per day, pro-rata, and the arbitration of disputes arising out of the maritime contract.

14. In accordance with the maritime contract, PRIMORSK delivered the M/T KAMENSK-URALSKIY to RINEX, RINEX made use of the vessel, and 1.07292 days of demurrage accrued. To date, the total amount due and owing to PRIMORSK by RINEX is US$10,595.08.

15. Despite demands by PRIMORSK to RINEX, and RINEX's promises to pay demurrage in a timely manner, RINEX, in breach of the terms of the May 24, 2005, voyage charter agreement, continued to systematically fail to pay demurrage for the vessel on time and/or at all.

## AS A THIRD CAUSE OF ACTION
## FOR BREACH OF A THIRD MARITIME CONTRACT
## INVOLVING THE M/T BAM

16.     On or about August 8, 2005 PRIMORSK, as owners of the M/T BAM, and RINEX, as charterers, entered into a voyage charter party for the carriage of certain petroleum products from Vladivostock, Russia to ports in China.

17.     The voyage charter party, memorialized on a "ASBATANKVOY' form, is a maritime contract.

18.     Pursuant to the maritime contract, PRIMORSK and RINEX agreed to, among other things, the payment of demurrage at a rate of US$10,000.00 per day, pro-rata, and the arbitration of disputes arising out of the maritime contract.

19.     In accordance with the maritime contract, PRIMORSK delivered the M/T BAM to RINEX, who made use of the vessel, and accrued demurrage of 0.35417 days. To date, the total amount due and owing to PRIMORSK by RINEX is US$3,497.43.

20.     Despite demands by PRIMORSK to RINEX, and RINEX's promises to pay demurrage in a timely manner, RINEX, in breach of the terms of the August 8, 2005, voyage charter agreement, continued to systematically fail to pay demurrage for the vessel on time and/or at all.

## AGREEMENT TO ARBITRATE

21.     Pursuant to the terms of the three respective maritime contracts, all disputes arising there under are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$25,000.00.

22.     Therefore, PRIMORSK's total claim for breach of the three maritime contracts against RINEX is in the aggregate US$78,667.17.

23.     Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant RINEX and Defendant RINEX ENERGY (UK), that no separation exists between them and the corporate form of Defendant RINEX has been disregarded such that Defendant RINEX primarily transacted the business of Defendant RINEX ENERGY (UK).

24.     Upon information and belief, at all material times, Defendant RINEX operated in the name of Defendant RINEX ENERGY (UK), such that Defendant RINEX ENERGY (UK) was the beneficial owner of RINEX.

25.     Upon information and belief, as between RINEX and RINEX ENERGY (UK) there is a commonality of control and management centered with RINEX ENERGY (UK), and an overlap of officers, directors and employees.

26.     Upon information and belief, at all material times, Defendant RINEX and Defendant RINEX ENERGY (UK), have overlapping ownership, management, personnel and purposes such that Defendant RINEX and Defendant RINEX ENERGY (UK) did not operate at arms length.

27.     Upon information and belief, at all material times, Defendant RINEX and Defendant RINEX ENERGY (UK), have had common addresses, common contact information such that the Defendant RINEX had no independent corporate identity from the Defendant RINEX ENERGY (UK).

28. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant RINEX and Defendant RINEX ENERGY (UK).

29. Upon information and belief, at all material times, Defendant RINEX ENERGY (UK) has dominated, controlled and used the Defendant RINEX for its own purposes such that there is no meaningful difference between the entities.

30. Upon information and belief, at all material times, Defendant RINEX ENERGY (UK) has disregarded the corporate form of Defendant RINEX to the extent that Defendant RINEX ENERGY (UK), was actually carrying on RINEX's business and operations as if the same were its own, or vice versa.

31. Upon information and belief, Defendant RINEX utilizes Defendant RINEX ENERGY (UK), to transfer funds through, to and from the Southern District of New York on its behalf.

32. Upon information and belief, there are reasonable grounds to conclude that Defendant RINEX ENERGY (UK) is the alter-ego of Defendant RINEX NAFTA LTD. and, therefore, Plaintiff PRIMORSK has a valid prima facie *in personam* claim against Defendant RINEX ENERGY (UK) based upon alter ego liability.

<u>BASIS FOR ATTACHMENT</u>

33. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

6

belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

34. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants, RINEX NAFTA LTD and RINEX ENERGY (UK), and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD $78,667.17, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       May 15, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
PRIMORSK SHIPPING CORPORATION

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PRIMORSK SHIPPING CORPORATION,

          Plaintiff,    08 CV

-v-

                **VERIFICATION OF COMPLAINT**

RINEX NAFTA LTD and RINEX ENERGY (UK)

          Defendants.
-------------------------------------------------------------------x

  Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

  1.  I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, PRIMORSK SHIPPING CORPORATION, herein;

  2.  I have read the foregoing Verified Complaint and know the contents thereof; and

  3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

  4.  The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       May 14, 2008

                              CHALOS, O'CONNOR & DUFFY, L.L.P.
                              Attorneys for Plaintiff
                              PRIMORSK SHIPPING CORPORATION

              By: _____
                              George M. Chalos (GC-8693)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel: (516) 767-3600
                              Fax: (516) 767-3605
                              Email: gmc@codus-law.com